OMOHUNDRO *v.* FLY.

4-5290                                          122 S. W. 2d 541

Opinion delivered December 5, 1938.

*Griffin & Griffin,* for appellant.
*Brickhouse & Brickhouse,* for appellee.

HOLT, J. Appellees brought suit against the appellant Mrs. Lethe S. Omohundro in the Pulaski circuit court on a brokerage account and recovered judgment against her in the sum of $796.42.

The material allegations of the complaint are as follows: That plaintiffs, D. W. Fly and O. A. McFall, are engaged in general brokerage business in Little Rock, Ar-

kansas; that from March 19, 1937, through April 15, 1937, they purchased for defendant's account 500 shares of Missouri Pacific Preferred and 100 shares of common; and that in September, 1937, the market declined and they requested defendant to put up additional margin for her account and when she failed to do so they liquidated the securities in the account at a loss to themselves of $796.42, for which judgment was prayed.

The answer of appellant is as follows: "Comes the defendant, Mrs. Lethe S. Omohundro and denies each and every material allegation.

"Wherefore, having fully answered, this defendant prays that she be discharged and for her costs herein expended."

Appellant alleges one assignment of error for our consideration, that the verdict is contrary to the law and evidence. In this assignment she contends that the court below erred in failing to submit to the jury her contention that she placed a stop order with appellees.

We dispose of her contention as to the stop order by saying that she neither set this up in her answer as a defense nor did she ask the court for a proper instruction thereon. We pass now to appellant's contention that the verdict is contrary to the law and the evidence.

The facts stated in the most favorable light to appellees are substantially as follows: Appellant instructed appellees to purchase for her on the New York Stock Exchange at various dates beginning March 19, 1937, and ending April 15, 1937, 500 shares of certain stocks, which appellees proceeded to do. She, also, placed in their hands cash in the sum of $3,097.47, out of which to make these purchases. From the date of the last purchase until September, 1937, the stocks fluctuated on the market and on September 24, 1937, after the market had gone down, defendant's equity was entirely wiped out. On this date she owed plaintiffs a balance of $796.42.

It is conceded by the parties hereto that a contract existed between them under which these operations were being carried on, the substantial provisions of which are: Any transaction shall be subject to the constitution,

rules, regulations, customs and usages of the exchange or market (and the clearing house, if any) where executed. Appellees might pledge and repledge any securities in defendant's account whenever they saw fit to do so; that they could liquidate the account whenever in their discretion they considered it necessary for them to do so for their own protection, such as in the event of bankruptcy, the death, or the appointment of a receiver for the defendant; that they can liquidate the account without any notice or call for margin whatsoever.

Also, the contract provides that defendant shall at all times be liable for the payment of any debit balance owing in any of her accounts with appellees upon demand, and that she shall be liable for any deficiency remaining in any of such accounts in the event of the liquidation thereof in whole or in part by either appellant or appellees.

After a careful consideration of the evidence as disclosed by the record, it is our conclusion that it is of a very substantial nature and that the verdict of the jury should not be disturbed. We are also of the view that the instructions given by the court were correct declarations of the law applicable to the facts in this case and it would serve no useful purpose to set them out here.

It, of course, is not necessary to cite authorities from a long line of our cases which hold that where there is substantial evidence to support a verdict, it is our duty to affirm it. We, therefore, hold that the judgment of the court below should be affirmed, and it is so ordered.